TORPY, J.
Appellant seeks review of the order summarily denying his rule 3.850 motion, which challenged his conviction for cocaine possession. He claims that his trial attorney was ineffective for failing to properly contest the legality of the purportedly consensual search of his person. We conclude that his claim was not conclusively negated by the record provided by the trial court and accordingly reverse for further proceedings.
According to trial testimony, Corporal Sosa and Deputy Phillips of the Seminole County Sheriffs Office stopped Appellant around midnight for riding a bicycle without lights. After checking Appellant’s license, Sosa asked Appellant for his consent to a body search for drugs or weapons. Appellant initially consented. As Phillips began the search, Appellant reached into his pants pocket and pulled out his cell phone. Sosa then noticed that Appellant was holding something else underneath the phone, trying to conceal it from the officers. Sosa exited his patrol vehicle because he felt that Appellant had narcotics in his hand. Phillips asked Appellant to open his hand but Appellant did not comply. Sosa then performed a “leg-sweep” takedown while Phillips secured Appellant’s left arm. After handcuffing Appellant, the officers searched the area of the struggle and discovered a silver wrapper containing cocaine.
Although Appellant’s rule 3.850 motion is not a model of clarity, he does claim that he was denied effective assistance of trial counsel based on his attorney’s failure to properly preserve his claim that the cocaine was illegally seized. Appellant claims that this procedural omission occurred when counsel failed to argue the issue after the close of the State’s evidence. Actually, to preserve the issue it should have been the subject of a pretrial motion to suppress the evidence. Nevertheless, the substance of Appellant’s claim is sufficiently stated and is not negated by the record before us.
The State argues that Appellant was not prejudiced by the purported omission and directs our attention to the trial testimony that Appellant consented to the search. We cannot agree that the claim of prejudice is conclusively negated by this record. The fact that Appellant might have initially consented to the search does not necessarily end the inquiry, because Appellant’s *573 actions in refusing to open his hand might be taken to manifest an intent to withdraw consent previously given. See, e.g., E.B. v. State, 866 So.2d 200 (Fla. 2d DCA 2004) (juvenile’s attempt to leave after he consented to pat down search constituted revocation of consent to search).
On remand, the trial court shall either conduct a hearing on Appellant’s claim or attach portions of the record that conclusively negate the claim.
REVERSED AND REMANDED.
MONACO and LAWSON, JJ., concur.